UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re: Air Crash at Toronto
Pearson International Airport
on February 17, 2025

MDL No. 25-3155 (JWB/JFD)

**PRETRIAL ORDER NO. 1:**
**Establishing Procedures and**
**Setting Initial Pretrial Conference**

The Judicial Panel on Multidistrict Litigation ("JPML") has centralized a set of related cases in this District for consolidated pretrial proceedings. (Doc. No. 1.)

This Pretrial Order is issued pursuant to Proposed Rule 16.1 to promote the just and efficient conduct of this consolidated proceeding, which involves personal injury and property damage claims arising out of the crash of Delta Airlines Flight 4819 on February 17, 2025, at Toronto Pearson International Airport.

The Pretrial Orders in this multidistrict litigation ("MDL") will be numbered sequentially going forward. Counsel should refer to them by number in the future.

**IT IS HEREBY ORDERED** that the following provisions govern this MDL from the outset:

I.  **Consolidation and Applicability of this Order**

This MDL involves multiple individual actions filed in or transferred to this Court pursuant to 28 U.S.C. §1407, arising from a single aviation incident. All cases assert claims under the Montreal Convention (Articles 17 and 18) and gross negligence against Defendants Delta Airlines, Inc. and Endeavor Air, Inc.

Any actions filed, whether filed directly in the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are consolidated into one action (the "Consolidated Action") for all pretrial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and the JPML Order of August 12, 2025 (Doc. No. 1), under 28 U.S.C. § 1407(a). Any "tag-along" actions later filed in, removed to, or transferred to this Court will automatically be consolidated with this Consolidated Action without the necessity of future motions or orders. All related actions that are filed in, removed to, or transferred to this Court as part of this Consolidated Action are referred to as the "Cases." For any of the Cases that was previously stayed pending transfer, the stay is hereby lifted.

The Cases are consolidated for pretrial purposes only. This consolidation does not constitute a determination that the Cases should be consolidated for trial, nor does it have the effect of making any person or entity a party to any action in which they have not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

This Order, and any subsequent orders establishing new procedures or amending the established procedures, shall govern the practice and procedure in the Cases. It automatically applies to any Cases that are subsequently transferred to, removed to, or initiated in this Court, without the necessity of future motions or order.

II.  **Answer Deadlines**

Defendants' deadlines to answer or otherwise respond to Plaintiffs' Complaints are extended until the Court establishes a timeline for such responses.

III.  **Initial Case Management Conference**

The Court will hold an initial case management conference in this matter on **September 30, 2025**, at **10:00 a.m.** in Courtroom 7A, United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota. Parties are not required to attend. Counsel for all parties must attend and be prepared to discuss:

- Organization of plaintiffs and defense counsel;
- Appointment of lead and liaison counsel;
- Proposed discovery and case sequencing;
- The scope and format of consolidated pleadings;
- Proposed deadlines for motions, including dispositive and evidentiary motions;
- Preservation of evidence, including flight data, crew records, maintenance logs, and surveillance footage;
- A mechanism to coordinate with parallel state court proceedings or international jurisdictions, if applicable; and
- Settlement procedures or options for alternative dispute resolution.

Given the factual uniformity arising from a single crash, the Court is inclined to consolidate for a single liability trial, and the parties also must be prepared to discuss:

- Whether a consolidated liability trial is appropriate given the uniform factual circumstances of the crash, or whether a bellwether structure should be used instead for any residual individualized issues;
- Proposed criteria for selecting bellwether plaintiffs (if used);
- Whether bifurcation of liability and damages is appropriate; and
- How to address potential defenses under Articles 17 (injury causation), 18 (baggage damage), 19 (delay), and 20 (exoneration and contributory negligence) of the Montreal Convention.

Given the international character of the incident and potential application of the

Montreal Convention, the parties must be prepared to advise the Court whether any foreign law issues, foreign-language documents, or foreign-based discovery is anticipated. The Court encourages early development of a protocol addressing certified translation requirements, foreign deposition procedures, and foreign law briefing schedules, if needed.

At least **two weeks** before the initial conference, by **September 16, 2025**, the parties must submit a list of any additional items they propose the Court address at the initial conference. The submission should also identify all pending motions in member cases and a proposed briefing schedule for those motions, or an alternative proposal for resolving those motions. The Court will circulate an agenda for the initial conference to counsel prior to the conference.

## IV.   Additional submissions and conferrals

A.   **Preliminary case reports.** At least **two weeks** before the initial case management conference, by **September 16, 2025**, the parties must submit and be prepared to discuss a report that:

- Outlines their view of the primary facts, allegations, claims, and defenses involved in this litigation, together with any other pertinent legal and factual background; and

- Provides a list of all similar cases filed both within the District of Minnesota and anywhere else in the country, whether filed in state or federal court, and an overview of the procedural status of each of those cases, which should include:

    (a) the status of discovery in those cases;

    (b) the status of motions, decisions, and other important events in those cases, if any; and

4

          (c) a prediction of which of the cases appear to be the furthest along in litigation or closest to resolution.

These reports will not be binding, will not waive any claims or defenses, and may not be offered as evidence against a party in later proceedings. The parties are limited to one submission for Plaintiffs and one submission for Defendants.

    **B.**    **Joint List of Affiliated Companies and Counsel.** To help the Court identify any issues or matters of recusal or disqualification, by **September 16, 2025**, counsel must confer and submit a joint list of all companies affiliated with the parties and all counsel associated in this centralized Consolidated Action.

    **C.**    **Joint proposed case management order.** The parties must confer on a joint proposed case management order, which must be submitted on **September 30, 2025**, following the initial case management conference. In addition to the typical deadlines and other issues in a pretrial scheduling order, *see* Fed. R. Civ. P. 16, the joint proposed case management order must address:

- Master pleadings, including a Master Complaint, Short Form Complaints, and a unified Answer or Motion to Dismiss process;
- Electronic discovery, including whether a document repository is needed, and agreement on a document production format that is search-capable;
- Stipulations regarding service of process;
- Coordination with other state or federal litigation, if any;
- Specific consolidated litigation concerns or timelines, including proposed timing of regular case management conferences to address ongoing discovery, readiness for trial, settlement prospects, and procedural matters;
- Estimated length of trial and proposed trial dates; and

- An overview of settlement discussions and an ideal timeframe for a settlement conference.

Disagreement on any of these items should be noted in the joint proposed order.

**D.** **Privilege Protocol and Logs.** The parties must confer on a protocol for asserting privilege and work product protection, including the use of categorical privilege logs, clawback provisions under Federal Rule of Evidence 502(d), and a uniform privilege log format. The protocol shall be submitted for Court approval within **30 days** after the initial case management conference.

**E.** **Coordinated discovery plan.** The parties must confer on a discovery plan that:

- Permits coordinated written discovery and depositions on liability issues;
- Establishes a shared document repository;
- Addresses protective orders, confidentiality agreements, and ESI protocols; and
- Proposes an expert discovery timeline and identifies whether shared experts will be used for aviation safety, flight training, crash causation, or other issues.
- <u>Third-Party Discovery Protocol</u>. The parties must consider potential discovery directed to non-party entities including, but not limited to, aircraft manufacturers, aviation contractors, regulatory bodies, airport personnel, and maintenance service providers. A joint proposed protocol to minimize duplicative third-party subpoenas, coordinate notice and deposition timing, and address confidentiality or burden objections shall be submitted within **60 days** after the initial case management conference.

**F.** **Plaintiff fact sheets.** The parties must confer on the creation of Plaintiff fact sheets tailored to aviation injury claims, including sections for:

- Personal background and flight details;

- Medical history and injury claims;
- Economic damages (wage loss, expenses); and
- Prior airline travel claims, if any.

## V.     Service

Before the initial case management conference, service of all papers relating to the initial conference shall be made on counsel of record appearing in the Cases. The case dockets are the official record of the service list. Counsel are responsible for ensuring service of this Order and all future documents on any opposing *pro se* parties. This paragraph does not pertain to or alter the requirements for service of process of any summons and/or complaint. If the Court designates lead counsel, lead counsel should accept service on behalf of all Plaintiffs or Defendants.

## VI.    Stay of Discovery

Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings in the Cases are stayed, and no further discovery in the Cases shall be initiated.

## VII.   Previous Orders

Unless otherwise ordered, all deadlines and motions pending in the transferor courts are hereby vacated, including motions under Rule 12 and discovery motions. Any party seeking to reinstate or refile a dispositive motion shall submit a status update within **30 days** of this Order explaining its relevance to the MDL structure and whether the issues overlap with consolidated proceedings.

## VIII.  Master Docket File

The Clerk of Court will maintain a master docket under the case number "25-md-3155 (JWB/JFD)" with a caption styled as "In Re: Air Crash at Toronto Pearson International Airport on February 17, 2025." All papers filed in this case shall bear the identification "MDL No. 25-3155 (JWB/JFD)."

When a filing is intended to apply to all Cases, this shall be indicated by the words "This Document Relates to: ALL ACTIONS" and shall be filed electronically in 25-md-3155. When a filing is intended to apply to less than all cases, this Court's civil action number for each individual case to which the document(s) relate(s) shall appear immediately after the words "This Document Relates to: . . ." and shall be filed electronically in each member case to which the document(s) applied. The following is an example of the caption style:

| | |
|---|---|
| In Re: Air Crash at Toronto Pearson International Airport on February 17, 2025 | MDL No. 25-3155 (JWB/JFD) |
| This Document Relates to: . . . | |

## IX. Filing

Any pleading or paper filed in any of the Cases shall be filed with the Clerk of this Court and not with the transferor district court.

Any pleading or paper shall be filed electronically according to this District's ECF Civil Manual For New Users and Civil ECF Procedures Guide, which is available at https://www.mnd.uscourts.gov/reference-guides-and-procedures. "Initiating documents"

(e.g., original complaints, notices of removal) must be filed electronically as a new case and not filed in the lead case, MDL No. 25-3155. All other pleadings, motions, and other documents that relate to an individual case shall be filed in both MDL No. 25-3155 (JWB/JFD) and the individual case. Documents relating to all Cases shall be filed only in MDL No. 25-3155 (JWB/JFD).

X.   **Docketing**

When an action that properly belongs as a part of the Consolidated Action is filed in the District of Minnesota or transferred here from another court, the Clerk of this Court shall file a copy of this Order in the separate file for such action and make an appropriate entry on the master docket.

XI.  **Admission of Counsel and Appearances**

Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this Consolidated Action. Association of local co-counsel is not required. Counsel in a newly filed or transferred action shall complete the MDL Registration Form and the Notice of Appearance form, which are available on the District of Minnesota's website at https://www.mnd.uscourts.gov/forms/all-forms. After completing the MDL Registration Form, counsel will receive a CM/ECF login enabling them to electronically file the Notice of Appearance after applying for Multi-District Admission through his or her individual account. Except as provided in this Order, the requirements of Local Rule 83.5(d) are hereby waived.

Each lawyer shall indicate the Court(s) before which he or she is admitted in a page included as an attachment labeled "List of United States Federal Courts to which

Counsel for Plaintiff is Admitted" and which shall be signed and dated by counsel under the statement, "I hereby certify that I am admitted to the preceding United States District Court(s) and that I have not been disbarred or suspended from practice before any of these Courts or any other United States District Court." If counsel has been disbarred or suspended from practice before any United States District Court, counsel shall set forth in the attachment the circumstances of such disbarment or suspension from practice.

Counsel who are listed on the docket and are no longer affiliated with this action or its member cases must promptly file a notice of withdrawal and substitution of counsel or a motion to withdraw as counsel of record without substitution. Forms for these are available at https://www.mnd.uscourts.gov/forms/all-forms.

Counsel appearing in this action are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, as well as *The Manual for Complex Litigation, Fourth* (Federal Judicial Center 2004), which may serve as a resource in the case management of this litigation.

## XII.   Disclosures and Evidence Preservation

All parties shall preserve all documents and other records, including electronic records, containing information potentially relevant to the subject matter of this litigation. This includes flight data, crew training logs, and other crash-related evidence.

Within 30 days of this Order, Plaintiffs shall provide preliminary disclosures identifying the nature of each alleged injury, any known medical providers, and a summary of economic damages claimed.

Within 30 days of this Order, Defendants shall disclose the identities and roles of

the flight crew and maintenance or training personnel involved with Flight 4819, and any preliminary investigative materials intended to be relied upon.

In the event of any early settlements reached in related matters, the parties shall meet and confer regarding whether any factual materials generated in connection with settled claims are relevant to common issues. If so, the parties shall propose a protocol for identifying and producing such materials, subject to any applicable protective order. Settlement amounts or terms need not be disclosed unless otherwise ordered.

### XIII. Communications with the Court

Unless otherwise ordered, counsel must communicate with the Court in writing, with courtesy copies to all counsel. Communications with the Court and submissions that are instructed not to be filed with the Clerk of Court may be sent to blackwell_chambers@mnd.uscourts.gov. The submissions requested in this Order fall into this category.

### XIV. Official Court website

The Court has created and will maintain a web page devoted to this MDL, which is available at https://www.mnd.uscourts.gov/content/air-crash-toronto-pearson-international-airport. The website provides access to orders; minutes; the calendar; transcripts; forms used in this MDL; contact information for Court staff and counsel; frequently asked questions; and agendas and reports.

Counsel may establish their own publicly accessible website or portal or confer with the Court regarding the content of the website as needed.

### XV. Cooperation and Communication

This MDL shall be administered in accordance with the spirit of Rule 1 of the

Federal Rules of Civil Procedure: to secure the just, speedy, and inexpensive determination of every action. Cooperation by and among counsel is essential to reach an orderly and expeditious resolution. Communicating information among and between counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded to attorney work product, and cooperative efforts shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff.

    Nothing in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

Date: September 3, 2025                *s/ Jerry W. Blackwell*
                                                  JERRY W. BLACKWELL
                                                  United States District Judge