UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Air Crash at Toronto Pearson International Airport on February 17, 2025 | MDL No. 25-3155 (JWB/JFD) |

THIS DOCUMENT RELATES TO ALL CASES:

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO APPOINT CO-LEAD COUNSEL AND PLAINTIFFS' EXECUTIVE COMMITTEE**

Plaintiffs respectfully move for an order appointing Bryan L. Bleichner of Chestnut Cambronne PA and James R. Brauchle of Motley Rice LLC as Co-Lead Counsel; Erin Applebaum of Kreindler & Kreindler LLP and Andres C. Pereira of DJC Law, PLLC as Co-Chairs of Plaintiffs' Executive Committee; Alicia N. Sieben of Schwebel, Goetz & Sieben as Liaison Counsel; and Nomi Husain of Husain Law & Associates, Jeffrey Storms of Storms Dworak, LLC, Tola Familoni of Motley Rice, LLC, and Justin T. Green of Kreindler & Kreindler LLP as Members of Plaintiffs' Executive Committee. [1]

## BACKGROUND

This action stems from claims alleged by passengers on an airline flight (Delta Connection Flight 4819) operated by Defendants from Minneapolis to Toronto that resulted in an aviation accident on February 17, 2025 ("Aviation Accident"). Following the aviation accident, numerous cases were filed across the country. On August 8, 2025, the Judicial

---

[1] Collectively referred to as "Proposed Counsel."

1

Panel on Multi-District Litigation ("Panel") transferred the case to the United States District Court for the District of Minnesota (the "District of Minnesota"). *See* MDL No. 3155 Transfer Order. Specifically, the Panel found as follows:

> On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from the crash landing of Delta Flight 4819 at Toronto Pearson International Airport on February 17, 2025. Plaintiffs in each action assert personal injury and property damage claims against the same two defendants under the Montreal Convention, a treaty that governs international travel and limits liability for air carriers. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734. Centralization will eliminate duplicative discovery, particularly with respect to potential international discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary
>
> …
>
> The center of gravity for this litigation lies in Minnesota, the accident flight departed from Minneapolis, the flight crew is based there, and Endeavor Air, which operated the flight, is headquartered in Minnesota.

*Id.* Following transfer to the District of Minnesota, Plaintiffs' Counsel in each of the filed cases met and conferred. Plaintiffs' Counsel agreed to collaborate, coordinate litigation efforts for the benefit of the class, and now seek appointment of Proposed Counsel, including Mr. Bleichner and Mr. Brauchle as Interim Co-Lead Counsel.

## APPLICABLE LAW AND ARGUMENT

When appointing counsel to a leadership committee in a multi-district litigation case, "the court should move expeditiously and avoid unnecessary delay." Manual for Complex Litigation, Fourth, §10.224, *Coordination in Multiparty Litigation—*

*Lead/Liaison Counsel and Committees, Courts Responsibilities*, p. 27 (2004). Before making its determination, however, it is important for the Court to assess "the attorneys' experience in managing complex litigation . . .; knowledge of the subject matter; and efforts in researching and investigating the claims." Managing Multidistrict Litigation in Products Liability Cases: A Pocket Guide for Transferee Judges, Federal Judicial Center, §4a *Designation of Lead/Liaison Counsel and Committees, Selecting Lead Counsel*, p. 12 (2011). In addition, the Court should consider the following:

- Qualifications, functions, organization, and compensation of designated counsel;

- Whether there has been full disclosure of all agreements and understandings among counsel;

- Would-be designated attorneys' competence for assignments;

- Whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among counsel are fair, reasonable, and efficient;

- Whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests;

- The attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and

- The attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court—experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

Manual for Complex Litigation, Fourth, §10.224, p. 27. While prior MDL experience is valuable, each case requires different talents and courts should consider including attorneys who may bring new perspectives. *Id.*

In preparing this submission, Proposed Counsel engaged in several group meetings and conferred with all counsel who expressed an interest in a committee position and believe the proposed organization reflects a consensus among such counsel and includes, in multiple respects, a diverse group of attorneys. The proposed leadership committee includes nine named attorneys from seven separate law firms. There is no common benefit fund established, meaning that attorneys' fees will be distributed solely between each Plaintiff and counsel through each respective representation agreement.

Proposed Counsel have the unanimous support of all firms representing Plaintiffs in this matter and the dozens of Plaintiffs who seek relief through the prosecution of this Action. Proposed Counsel stand ready to assume the responsibility and obligation to act fairly, efficiently, and economically in the interests of all Plaintiffs to resolve this matter. Further, these attorneys have the requisite experience, commitment, and resources to litigate this action for the common benefit of all Plaintiffs. Proposed Counsel has spent considerable time and resources investigating the claims in this case. Collectively this group represents dozens of Plaintiffs with claims for injuries attributable to the Aviation Accident.

Proposed Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources

required to ensure the effective and efficient representation of the Class members. In fact, Proposed Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. And, as their firm resumés and counsels' experience indicate, Proposed Counsel have the resources to see this litigation through to its conclusion, including trial.

The firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs. Proposed Counsel's ability to draw from this well-developed repository of information will also allow them to streamline the litigation.

Proposed Counsel will continue to commit the same resources and effort to this case as they have committed to their other successful complex litigation matters and are committed to working cooperatively and efficiently for the benefit of the class.

<u>**PROPOSED CO-LEAD COUNSEL**</u>

**BRYAN L. BLEICHNER (CHESTNUT CAMBRONNE PA)** [2]

Bryan L. Bleichner is a shareholder at Chestnut Cambronne PA, a former officer of the Antitrust Section of the National Federal Bar Association, a former featured speaker at the National American Bar Association, and a current member of the Sedona Conference Working Group Series. Most recently, Mr. Bleichner was appointed Co-Lead Counsel for the patient track in *In Re: Change Healthcare, Inc. Customer Data Security Breach Litig.*,

---

[2] A copy of Mr. Bleichner's Firm Resume is attached as Exhibit A.

No. 24-md-03108-DWF/DJF (D. Minn.), a pending multi-district class action in the District of Minnesota against Change Healthcare and United Healthcare, Inc. It is one of the largest data breaches in United States history.

Mr. Bleichner has extensive experience serving as leadership or class counsel in the following litigation matters across the country: *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.) (resulting in $7.75 million settlement); *In re Group Health Plan Litig.*, Case No. 23-cv-267-JWB/DJF (D. Minn.) (resulting in $6 million settlement); *In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.) (resulting in $5.9 million settlement); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.) (resulting in $5.6 million settlement); *In re Regents of the University of Minnesota Data Litigation*, Case No. 27-cv-23-14056 (Hennepin County, Minnesota); *In re ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re OrthoAlaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska); *In re Whitworth Data Breach Security Litigation*, Case No. 2:23-cv-00179-SAB (E.D. Wash.); *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533-SRN/DTS (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210-SRN/LIB, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litigation*, Case No. 12-cv-

6

24-169 (Chippewa County, Minnesota); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023-cv-0313 (Tift County, Georgia); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.); *Desue v. 20/20 Eye Care Network, Inc.* No. 21-cv-61275-RAR (S.D. Fla.); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.); *In re Herff Jones Data Security Breach Litigation*, No. 1:21-cv-01329-TWP-DLP (S.D. Ind.); *In re EyeMed Vision Care, LLC Data Security Breach Litigation*, No. 1:21-cv-00036-DRC (S.D. Ohio); *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio); *Greenstate Credit Union v. Hy-Vee, Inc.*, No. 20-621-DSD-DTS (D. Minn.); *Village Bank v. Caribou Coffee Co., Inc.*, No. 0:19-cv-01640 (D. Minn.); *In re WaWa, Inc. Data Security Litigation*, No. 19-cv-6019-GEKP (E.D. Pa.); *In re Equifax, Inc., Customer Data Security Breach Litigation*, No. 17-md-2800-TWT (N.D. Ga.); *Midwest American Federal Credit Union v. Arby's Restaurant Group, Inc.*, No. 17-cv-00514-AT (N.D. Ga.); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo); *First Choice Fed. Credit Union v. The Wendy's Company*, No. 2:16-cv-00506 (W.D. Pa.); *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (TWT) (N.D. Ga.); *In re Target Corporation Customer Data Security Breach Litigation*, No. 0:14-md-02522-PAM-JJK (D. Minn.); *Seabrian v. St. Joseph's/Candler Health System, Inc.*, No. STCV21-01652 (State Court of Chatham County, Georgia); *Lutz v. Electromed, Inc.*, No. 70-CV-21-11814 (D. Minn.); *In re Pawn America Consumer Data Breach Litig.*, No. 0:21-cv-02554-PJS/JFD (D. Minn.); *Walker v. Nautilus, Inc.*, No. 20-cv-3414-EAS-EPD

7

(S.D. Ohio); *Maura Howard v. Life Time Fitness, Inc.*, No. 27-cv-20-10513 (Minn. 2020); *Barclay v. Icon Health & Fitness, Inc.*, No. 19-cv-02970-ECT-DTS (D. Minn.); *In re Resideo Technologies, Inc. Securities Litigation*, No. 19-cv-02863-WMW-KMM (D. Minn.); *In re Pork Antitrust Litigation.*, No. 18-cv-1776-JRT-HB (D. Minn.); *In re DPP Beef Litigation*, No. 20-cv-1319-JRT/HB (D. Minn.); *James Bruner v. Polaris Industries Inc.*, No. 18-cv-00939-WMW-DTS (D. Minn.); *In re FedLoan Student Loan Servicing Litigation*, No. 2:18-md-02833-CDJ (E.D. Pa.); *Marie Travis v. Navient Corp.*, No. 17-cv-04885-JFB-GRB (E.D.N.Y.); *Delamarter v. Supercuts, Inc.*, No. 19-3158-DSD-TNL (D. Minn.); and *Christian v. National Hockey League*, No. 0:14-md-02551-SRN-JSM (D. Minn.).

Based on Mr. Bleichner's expertise in complex litigation in the District of Minnesota and across the country, he respectfully submits his request for appointment for Co-Lead Counsel.

**JAMES R. BRAUCHLE (MOTLEY RICE LLC)** [3]

A former U.S. Air Force navigator, Jim Brauchle brings years of flying experience, leadership skills, and knowledge of the aviation industry to his litigation work.

Mr. Brauchle represents victims of aviation disasters in cases against the airline industry. With more than two decades of courtroom experience including both bench and jury trials, Mr. Brauchle has handled aviation cases from pre-trial practice through trial, post-trial motions and appeals. He not only works closely with clients and co-counsel but

---

[3] A copy of Mr. Brauchle's Firm Resume is attached as Exhibit B.

also with pilots, engineers, and experts in such areas as wreckage inspection and flight reconstruction.

Mr. Brauchle served a vital role in representing the families of passengers from the Boeing MAX tragedies. He served on the Plaintiffs Executive Committee (PEC) in the case against Boeing in the Northern District of Illinois. Mr. Brauchle was selected by his fellow plaintiff attorneys to depose the Boeing engineers and test pilots involved in the development of the Boeing MAX aircraft. He has handled cases involving aircraft manufacturers (*e.g.*, Airbus, Boeing, Bombardier, Cessna, Cirrus, Gulfstream, Lockheed, Piper, Robinson Helicopters, and Sikorsky), engine and component manufacturers (*e.g.*, Collins Aerospace, Continental Motors, GE, Honeywell, Lycoming, Pratt Whitney), operators and maintainers of aircraft (*e.g.*, American Airlines, Delta, Southwest, United Airlines, and various charter and tour companies), as well as the United States and its air traffic controllers.

Mr. Brauchle served as a navigator in the United States Air Force from 1991 to 2001. He was one of only five people in the entire Air Force simultaneously qualified as a C-141 Special Operations navigator, flight instructor and examiner. Due to his military background, Mr. Brauchle has developed a keen interest in representing military personnel and their families due to military accidents. He has litigated against government contractors who have maintained, overhauled, and manufactured military aircraft and its components.

Mr. Brauchle is recognized as an AV® rated attorney by Martindale-Hubbell®. He has appeared on international, national, and local media to provide commentary and insight into aviation litigation matters.

## **LIAISON COUNSEL**

**ALICIA N. SIEBEN (SCHWEBEL, GOETZ & SIEBEN)** [4]

Alicia Sieben is a graduate of the University of Denver and William Mitchell College of Law in 2009. She has received numerous verdicts in Minnesota and has handled multi-million-dollar cases arising from car accidents, plane crashes, semi-trailer collisions, defective products, wrongful death, and mass tort actions.

Honored by her peers, Ms. Sieben has been inducted into prestigious trial lawyer organizations in the United States. She has been inducted into the International Society of Barristers which has only 750 members worldwide. She is a member of the American Board of Trial Advocates, a select group of plaintiff and defense lawyers and judges. She has consistently been voted a Super Lawyer and is a board-certified Civil Trial Specialist, certified by the Minnesota State Bar Association. She is an active board member of the Minnesota Association for Justice and past board member of the American Association of Justice. In 2018, she was honored by *Minnesota Lawyer* as one of its "Attorneys of the Year" for her role in the case of *In Re: Syngenta* which resulted in a recovery of $360,000,000 for Minnesota corn farmers.

She is a shareholder at the law firm of Schwebel, Goetz & Sieben in Minnesota. She is an active board member of the Minnesota Association for Justice, American Board of Trial Advocates and a member of the International Society of Barristers. She is a civil trial specialist, a qualification achieved by less than 3% of civil attorneys in Minnesota. Her law

---

[4] A copy of Ms. Sieben's Firm Resume is attached as Exhibit C

firm was co-lead counsel of Minnesota State Court action *In re: 3M Combat Arms Earplug Litigation* (27-CV-19-19916), of which Ms. Sieben actively participated in. She also actively participated in MDL cases: *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*, MDL 2197 (Northern District of Ohio); *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, MDL 2244 and *In Re Syngenta AG MIR162 Corn Litigation.*

## CO-CHAIR OF EXECUTIVE COMMITTEE

**ERIN APPLEBAUM OF KREINDLER & KREINDLER LLP[5]**

Erin R. Applebaum is a Partner at Kreindler & Kreindler LLP, where she represents the interests of passengers severely injured or killed in general aviation accidents and commercial airline disasters. She combines fifteen years of litigation experience with a proven record of leadership in high-profile, multi-party aviation cases. She is internationally recognized for her expertise in aviation injury and wrongful death law, particularly in cases governed by the Montreal Convention, and for her leadership in prominent aviation matters involving complex liability and jurisdictional issues.

In addition to the fourteen passengers she represents from the Delta Connection Flight 4819 crash, Ms. Applebaum has played a central role in several significant aviation matters, including:

- **American Airlines Flight 5342** – Member of the Kreindler team representing the families of thirty-four victims of the DCA midair collision.

---

[5] A copy of Ms. Applebaum's Firm resume is attached as Exhibit D.

11

- **Ethiopian Airlines Flight 302** – Appointed to the Plaintiffs' Executive Committee as part of the Kreindler team representing the families of thirty-four victims of the second Boeing 737 MAX crash.
- **United States v. The Boeing Company** – One of four attorneys representing the ET302 victims' families in the federal criminal prosecution of Boeing; instrumental in the families' efforts to invalidate the Department of Justice's Deferred Prosecution Agreement and proposed plea deal with Boeing.
- **Southwest Airlines Flight 1380** – Part of the Kreindler team that represented the family of the passenger killed by an uncontained engine failure that breached the aircraft's fuselage, along with dozens of passengers injured by the resulting sudden depressurization.
- **Liberty Helicopters "Doors-Off" Tour Helicopter Crash** – Served on the Kreindler team that represented the families of two of the five victims who perished after their tour helicopter crashed into New York's East River.

Beyond these noteworthy cases, Ms. Applebaum maintains a robust practice representing passengers injured on domestic and international commercial flights. She is widely regarded as an authority on claims governed by the Montreal Convention. Her practice reflects not only a technical mastery of aviation law but also a deep allegiance to the families she represents.

In 2025, Ms. Applebaum received The Milestone Foundation's Compassionate Counsel Award, which recognizes attorneys who demonstrate a unique combination of legal excellence, exceptional empathy, and a strong commitment to justice.

Ms. Applebaum is a frequent speaker at legal conferences and teaches a variety of continuing education courses on litigation strategy and air travel-related topics. She has authored numerous articles on plaintiffs' advocacy and recent developments in aviation law, including articles involving the Montreal Convention and other legal issues central in the instant litigation. Her work has appeared in publications including the *New York Law*

*Journal*, *McGill University Annals of Air and Space Law,* and *International Comparative Legal Guides*. She also devotes significant time to advocacy work, assisting current and former clients in lobbying efforts to strengthen accountability from airlines and manufacturers and improve aviation safety.

Ms. Applebaum earned her B.A. from the University of Miami (2007) and her J.D. from Brooklyn Law School (2010). She currently serves as a Vice Chair of the American Bar Association's TIPS Aviation and Space Law Committee, is a member of the Aviation Section of the American Association for Justice, and is the former Co-Chair of the New York City Bar Association's Air and Space Law Committee. She is also a graduate of the American Bar Association Leadership Academy, an honor awarded annually to only twenty attorneys nationwide.

Ms. Applebaum brings both the substantive expertise and organizational experience necessary to guide this proceeding effectively. Her appointment as Co-Chair of the Plaintiffs' Executive Committee will ensure that the Delta Flight 4819 litigation is prosecuted in a coordinated, efficient, and collegial manner.

**ANDRES C. PEREIRA (DJC LAW, PLLC)**[6]

Andres Pereira of DJC Law PLLC is a native of Houston, Texas. He received a triple major BA in Spanish, Economics and Ibero-American Studies from the University Wisconsin-Madison and his JD from the South Texas College of Law in 1995. He has

---

[6] A copy of Mr. Pereira's Firm Resume is attached as Exhibit E.

concentrated his practice in the area of aviation accident litigation and has also worked in mass tort, pharmaceutical, product liability, consumer, and FELA railroad litigation.

A current instrument-rated single engine fixed wing and instrument rated helicopter pilot, Mr. Pereira has worked on aviation matters since he began his legal career. He represented five of the families of the 260 passengers killed when American Airlines flight 587 crashed in the Queens, NY neighborhood of Belle Harbor. The American Airlines Airbus A300-600 jet left John F. Kennedy airport bound for Santo Domingo, and crashed at 9:17 a.m. EST. All 260 people on board were killed, making it one of the deadliest crashes to ever take place on American soil. Mr. Pereira has also represented families of civil aviation crashes who lost loved ones in US Air flight 427, the crash of a Boeing 737 outside Pittsburgh and Tan-Sasha flight 414 which crashed upon landing in Tegucigalpa. Mr. Pereira has extensive knowledge of the international treaties and protocols that apply to international air crashes. He currently represents numerous crash victims and their families in both US and overseas cases.

In addition to aviation accident clients, Mr. Pereira represented thousands of victims of Wyeth's fen-phen diet drug combination in both round one and round two of the diet drug litigation. This included being trial counsel in cases against Wyeth in St. Louis and Atlanta. During the near decade of litigation involving fen-phen, he deposed hundreds of physicians throughout the United States. The litigation required management of thousands of individual cases as well as MDL proceedings and resulted in a multi-billion dollar recovery for fen-phen users who suffered from primary pulmonary hypertension and heart valve defects.

Mr. Pereira has represented injured individuals throughout his career and has also represented numerous Latin American countries and states. During the late 1990's, Mr. Pereira represented the nation of Guatemala, the nation of Kyrgyzstan, the states of Espirito Santo and Tocantins, Brazil, as well as the Navajo Nation and US Union Health Care Funds against the U.S. and British tobacco industry to recover health care costs associated with cigarette smoking.

Mr. Pereira is licensed to practice law in Texas, Florida, the US District Courts for Southern, Eastern, Western and Northern Districts of Texas, Northern District of Illinois, Central District of California and the Southern District of Florida as well as the United States Court of Appeals for the Third, Fifth and Eleventh Circuits. During his career, Mr. Pereira has actively participated in the following MDL Cases: *In Re: Prudential-Bache Energy Income Partnerships Securities Litigation*, MDL 888; *In Re: Diet Drugs,* MDL 1203; *In Re: Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation*, MDL 1401; *In Re: Enron Corp. Sec., Derivative, and "ERISA" Litig*., MDL 1446; *In Re: American Airlines 587 Crash, Belle Harbor (Queens), New York*, MDL 1448; *In Re: Prempro Products Liability Litigation*, MDL 1507; *In Re: Aredia and Zometa Products Liability Litigation*, MDL 1760; *In Re: Fosamax Products Liability Litigation*, MDL 1789; *In Re: Yasmin and Yaz*, MDL 2100; and, *In Re Tobacco/Governmental Health Care Costs Litigation*, MDL 1279.

Mr. Pereira was lead counsel and argued for the plaintiff in *Southwest Refinery v. Bernal*, 22 S.W.3d 425 (2000) before the Texas Supreme Court. The Bernal case redefined Texas class action procedure.

## EXECUTIVE COMMITTEE

In addition to Co-Lead, Liaison, and Co-Chairs of Executive Committee Counsel, the following individuals will make up an executive committee to efficiently and effectively prosecute this matter.

**NOMI HUSAIN OF HUSAIN & ASSOCIATES, LLC**

**JEFF STORMS OF STORMS DWORAK, LLC**

**JUSTIN T. GREEN OF KREINDLER & KREINDLER LLP**

**TOLA FAMILONI OF MOTLEY RICE, LLC**

## CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order appointing Bryan L. Bleichner of Chestnut Cambronne PA and James R. Brauchle of Motley Rice LLC as Co-Lead Counsel; Erin Applebaum of Kreindler & Kreindler LLP and Andres C. Pereira of DJC Law, PLLC as Co-Chairs of Plaintiffs' Executive Committee; Alicia N. Sieben of Schwebel, Goetz & Sieben as Liaison Counsel; and Nomi Husain of Husain Law & Associates, Jeff Storms of Storms Dworak, LLC, Tola Familoni of Motley Rice, LLC, and Justin T. Green of Kreindler & Kreindler LLP as Members of Plaintiffs' Executive Committee.

Date: October 10, 2025

Respectfully submitted,

*/s/ Bryan L. Bleichner*
Bryan L. Bleichner (MN #0326689)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700

Minneapolis, MN 55401
Phone: (612) 339-7300
*bbleichner@chestnutcambronne.com*

James R. Brauchle (admitted *pro hac vice*)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
843-216-9243
Fax: 843-216-9440
*jbrauchle@motleyrice.com*