# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: Air Crash at Toronto Pearson International Airport on February 17, 2025 | MDL No. 25-3155 (JWB/JFD)<br><br>**PRETRIAL ORDER NO. 4:**<br>Case Management Order |

As ordered, the parties submitted a joint proposed case management order for consideration. (*See* Doc. No. 6 at 5–6.) Following review of their submission and considering the other matters discussed at the initial case management conference,

**IT IS HEREBY ORDERED** as follows:

1. **Counsel Organization and Leadership**

    Plaintiffs' leadership shall be organized in accordance with Pretrial Order No. 3.

    Both Defendants are represented by Michael G. McQuillen of Hinshaw & Culbertson LLP, who shall act as Lead Counsel for Defendants for all purposes.

2. **Initial Pleadings**

    Plaintiffs filed a Master Complaint for Damages on October 22, 2025. (Doc. No. 25.) Defendants shall answer or otherwise respond to the Master Complaint for Damages within **42 days**, by **December 3, 2025**. Briefing for motions filed in response to the Master Complaint for Damages shall proceed according to the applicable Local Rules and procedures.

3. **Proposed Protective Order**

    By October 30, 2025, the parties shall submit a Proposed Protective Order or

Orders that will address: (1) confidential medical records and related documents and information; (2) confidential, protected employment and employment-related documents; and (3) proprietary and commercially sensitive documents and information.

If the parties cannot agree on discrete issues, they shall submit joint reports identifying the areas of disagreement and briefly outlining their positions. No communication among Plaintiffs' counsel or among Defendants' counsel shall constitute a waiver of any privacy or protection to which they would otherwise be entitled.

**4.     Discovery**

Plaintiffs shall complete the Plaintiff Fact Sheets ("PFS") and authorizations by December 30, 2025. All other discovery will remain stayed pending further order.

After the CTSB investigation is complete, discovery and other Rule 16 deadlines will be discussed at the next monthly status conference or set by court order.

**5.     Proposed ESI Order**

The parties indicate that they do not require an ESI Order at this time. If an ESI Order becomes necessary, the parties shall submit a joint report and a proposed order.

The parties also indicate that a Document Repository is not required at this time. The parties agree that document productions from any party can be served on Lead Counsel for Plaintiffs or Defendants. Lead Counsel for Plaintiffs may securely disseminate documents to the other Plaintiffs as required. The parties shall coordinate to ensure the most efficient method for each Plaintiff to provide their PFS and corresponding documents, including a potential secure file sharing site.

If the parties cannot agree on discrete issues, the parties shall submit a joint report

identifying the areas of disagreement and briefly outlining their positions.

6. **Preservation of Evidence**

Pursuant to Pretrial Order No. 1, the parties shall preserve all documents and other records, including electronic information, that contain information potentially relevant to the subject matter of this litigation.

7. **Status Reports and Status Conference Schedule**

The parties shall follow the schedule for Joint Proposed Agendas and Status Conferences established in Pretrial Order No. 2.

8. **Selection of Mediator**

The parties' joint proposal to use Chief Judge Donald P. O'Connell (Ret.) as a private mediator for these cases is **ACCEPTED**. If Judge O'Connell becomes unavailable to mediate cases, lead counsel must meet and confer about an alternative suitable mediator and submit a joint proposal.

9. **Case Resolution Plan**

By January 30, 2026, lead counsel must meet and confer regarding the cases suitable for mediation. The parties must use their best efforts to schedule mediations for those cases between February 15, 2026, and April 15, 2026. Absent extenuating circumstances, the clients for Plaintiffs and a client representative for Defendants must participate, in person, for the mediations.

10. **Technical Tutorial**

    a. The Court will hold a Technical Tutorial after the CTSB investigation is complete, at a date and time to be determined. The purpose will be to provide general

background on the scientific and technical issues that may arise in this litigation.

      b.      The Technical Tutorial will not be transcribed or recorded, and no evidentiary record will be created. No statement, presentation, or material used at the Technical Tutorial may be cited, relied upon, or used for any purpose in this case.

      c.      There will be no cross-examination, no objections, and no adversarial questioning. Time will be equally split, one-half for Plaintiffs combined and one-half for the defense. Presentation times should not exceed 90 minutes per side.

      d.      By 14 days before the Technical Tutorial, the Parties must jointly submit a list of proposed topics, which the Court may modify or supplement. Presentations should be limited to general background and may not address case-specific liability or damages.

      e.      Slides or other materials must be exchanged between the parties and submitted to the Court no later than 7 days before the Technical Tutorial. Proprietary or sensitive materials may be marked confidential and need not be filed on the docket.

      f.      Presenters may include counsel, retained experts, or a jointly proposed neutral expert. Any jointly proposed neutral expert must be identified by 14 days before the Technical Tutorial.

      g.      The Court may ask clarifying questions, but the parties may not question each other's presenters. No follow-up briefing will be allowed without court permission.

Date: October 29, 2025

    *s/ Jerry W. Blackwell*
    JERRY W. BLACKWELL
    United States District Judge